Mɪssɪssɪppɪ Vᴀʟʟᴇʏ Pᴜʙʟɪᴄ Sᴇʀᴠɪᴄᴇ Cᴏᴍᴘᴀɴʏ, Appellant,
vs. Lᴀʀsᴏɴ, Respondent.

*May 5—June 7, 1949.*

*Leonard F. Roraff* of La Crosse, for the appellant.

For the respondent there was a brief by *Hale, Skemp & Nietsch* of La Crosse, and oral argument by *R. E. Nietsch.*

FRITZ, J.   The damages to plaintiff's bus and to the left front door of defendant's automobile were sustained upon the right front part of plaintiff's bus colliding with the left front door of defendant's car which he had just parked, facing eastward,—with its right side about six inches north of the south curb because of an accumulation of snow and ice,—on a city street thirty-five to thirty-eight feet wide.   On the north half thereof there was traffic moving westward and the bus was going eastward on the south half of the street.   Two automobiles were similarly parked ahead of defendant's car; and six to eight feet to the rear thereof another car was similarly parked.   After the bus passed that car at the rate of fifteen to twenty miles per hour the front panel on the right side of the bus struck the rear edge of the left front door of defendant's car as he was opening that door (which swings forward). The point of impact was about six inches from the right side of the bus, but there was no scratch or damage on the bumper or front door of the bus.   Defendant's car was moved forward six to eight feet by the collision, and the bus came to a stop a short distance beyond the point of impact.

The bus driver testified that as he was approaching the row of parked cars, he noticed the four parked cars; they were all in a stationary position; that he kept them in view as he continued until the impact; and that he must have been about one and one-half feet away from defendant's car at the time of the impact.   Defendant testified he had parked his car, turned off the ignition, taken out the keys, put the car in reverse gear, and then made an observation by looking out of the rearview mirror, but that he saw nothing behind him except the parked car; that this observation was the only one he made; that he opened the left front door and it was open about fifteen or sixteen

inches when the impact took place and that the moment of impact was the first time he saw the bus.

The court found the defendant was not negligent in failing to maintain a proper lookout, or in suddenly and without warning opening the left door, but that the proximate cause of defendant's damages was the bus driver's negligence in failing to maintain a proper lookout, in failing to pass defendant's automobile at a safe distance to the left thereof, and the position of the bus on the highway. In respect to the latter matter, the court stated, in its memorandum decision, that when the bus driver "drove as he must have, within a foot of the running board of that car, he was guilty of negligence and that negligence was the proximate cause of the damage."

As the evidence fairly admitted of the court's findings and they cannot be deemed to be contrary to the clear preponderance of the credible evidence, the findings and conclusions and the judgment based thereon must be sustained. Defendant's opening of the left door fifteen or sixteen inches—(which could be only about half that distance beyond the running board of his car,—which he testified was about six inches wide),—did not render applicable the provision in sec. 85.18 (10), Stats., that the operator of a vehicle which has been parked "shall while moving from such position yield the right of way to all vehicles approaching on such highway." As defendant was not moving his car from its parked position there clearly was not involved herein any question whatever as to the yielding of the right of way to approaching vehicles. On the other hand, there is no evidence that there was any necessity or occasion for driving the bus as close to defendant's car as the court found was negligently done by the driver of the bus.

*By the Court.*—Judgment affirmed.